# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ISSOKARM RODRIGUEZ CHEVERE,** on behalf of himself and others similarly situated,

    **Plaintiff,**

v.

**EPIC LANDSCAPE PRODUCTIONS, L.C.,**

    **Defendant.**

Case No. 17-2733-JWL-GLR

## MEMORANDUM AND ORDER

The Court has before it a Motion to Withdraw, filed by counsel for Plaintiff (ECF 14). He thereby seeks to withdraw as attorney for Plaintiff, pursuant to D. Kan. Rule 83.5.5 because of Plaintiff's alleged failure to communicate with him. Because the motion fails to comply with the requirements of D. Kan. Rule 83.5.5, the Court denies it without prejudice.

The withdrawal of appearance by an attorney that leaves the client without representation is governed by D. Kan. Rule 83.5.5.[1] The rule specifies that an attorney seeking withdrawal must file a motion to withdraw that: (1) sets forth the reasons for the withdrawal; (2) advises the client that he or she is personally responsible for complying with court orders and procedural time lines; (3) advises the client of impending deadlines; and (4) provides the Court with current contact information for the client.[2] The motion must be served on the client either by personal service or by certified mail, with return receipt requested.[3] The withdrawing attorney must also

---

[1] *See also Reynolds v. U.S.*, No. 14-2009-DDC-TJJ, 2014 WL 5025959, at *1 (D. Kan. Oct. 8, 2014).

[2] D. Kan. Rule 83.5.5(a)(1).

[3] D. Kan. Rule 83.5.5(a)(2).

file proof of personal service of the motion to withdraw, or the certified mail receipt, signed by the client, or an affidavit indicating the client received a copy of the motion to withdraw.[4]

The Motion to Withdraw filed by counsel for Plaintiffs fails to comply with D. Kan. Rule 83.5.5. There is no indication that Plaintiffs have other counsel representing them in the present action. Ashley Atwell-Soler and Brandon J. Donelon, who both seek to withdraw, are the only attorneys who have entered an appearance on Plaintiff's behalf. Because there is no showing that Plaintiffs in fact have other counsel who will represent them in this case, the requirements of D. Kan. Rule 83.5.5(a) must be met.

The motion does not include any evidence that counsel advised Plaintiffs that they are personally responsible for complying with court orders or deadlines. Nor does it refer to any evidence that counsel has informed Plaintiffs of impending deadlines. It mentions that counsel has been attempting to contact Plaintiff regarding outstanding discovery requests, but no evidence has been presented that counsel mailed Plaintiff a copy of the Scheduling Order (ECF 11), or informed Plaintiff that upon counsel's withdrawal, he is responsible for complying with all court orders or deadlines.

It also fails to include any current contact information for Plaintiffs. The motion mentions counsel's inability to contact Plaintiff by phone, but it mentions counsel mailed Plaintiff a letter, so at a minimum Plaintiff's address should be included in the motion. Of further importance, it includes no proof of personal service, a signed certified mail receipt, or an affidavit to show that Plaintiff has received a copy of the present motion. "This requirement is more than a formality; it is a means for the Court to ensure that a party will not unknowingly be left in a civil lawsuit

---

[4] D. Kan. Rule 83.5.5(a)(4).

without representation."[5] The Court knows of no rule that authorizes counsel to simply file a paper to announce his withdrawal and thus abandon his client, particularly when there is no new counsel to fulfill his responsibilities to the Court, to his client, and to opposing counsel.

Because the Motion to Withdraw fails to comply with D. Kan. Rule 83.5.5, the Court denies it without prejudice to a motion that fully complies with the requirements of the rules.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Withdraw (ECF 14) filed by Plaintiff's counsel is denied without prejudice.

**IT IS SO ORDERED.**

Dated August 2, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[5] *Reynolds v. U.S.*, No. 14-2009-DDC-TJJ, 2014 WL 5025959, at *2 (D. Kan. Oct. 8, 2014).