# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Issokarm Rodriguez Chevere,**

    **Plaintiff,**

v.                                                                      Case No. 17-2733-JWL

**Epic Landscape Productions, L.C.,**

    **Defendant.**

## **MEMORANDUM & ORDER**

In December 2017, plaintiff, on behalf of himself and others similarly situated, filed this lawsuit against defendant asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Kansas Wage Payment Act, K.S.A. § 44-313 et seq.  In early August 2018, counsel for plaintiff filed a motion to withdraw based on plaintiff's failure to communicate with counsel.  In that motion, counsel represented to the court that the last contact they had made with plaintiff occurred on April 19, 2018 and that numerous subsequent attempts to contact plaintiff were unsuccessful.  The magistrate judge granted the motion.

On September 18, 2018, the magistrate judge entered an order indicating that plaintiff had become "unreachable"; that plaintiff's address and telephone number on record were no longer valid; and that plaintiff had failed to update his contact information.  The magistrate judge further indicated that plaintiff's former counsel was unable to reach plaintiff by mail, telephone, text message or social media.  The judge, then, canceled the status conference set for October 2, 2018 and advised defendant to file a motion to dismiss for lack of prosecution under Federal Rule of Civil Procedure 41(b).  This matter is now before the court on defendant's motion to dismiss for

lack of prosecution pursuant to Rule 41(b). Plaintiff has not responded to the motion. For two independent reasons, the motion is granted.

The Tenth Circuit has set forth the following nonexhaustive list of factors that a district court should consider in determining whether to dismiss claims with prejudice under Rule 41(b):

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*See Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). The record before the court demonstrates that each of these factors weighs in favor of dismissal. Defendant has been prejudiced in that it has had to hire counsel and expend its resources, including time and money, to litigate a case that plaintiff has effectively abandoned. The fact that the plaintiff is acting pro se and, therefore, is not incurring similar expenses only compounds the situation. The court also finds that the amount of interference with the judicial process weighs in favor of dismissal. Allowing plaintiff's case to linger on the docket when he has demonstrated no interest in pursuing it interferes with the judicial process in terms of docket management and the need for finality to litigation. In other words, the court should not have to continue to manage this case on its docket when plaintiff has taken no initiative to keep the case on the docket.

The third factor focuses on plaintiff's culpability and it is also satisfied. Plaintiff has declined to update his contact information with the court or contact the court in any way and, by acting pro so, is clearly culpable for those deficiencies. With respect to the fourth factor, while plaintiff may not have received actual notice that his case might be subject to dismissal, that

2

deficiency is based on plaintiff's failure to update his contact information with the court. The record reflects numerous, exhaustive and unsuccessful efforts to reach plaintiff about the status of this case. Finally, the court considers the efficacy of lesser sanctions. After carefully reviewing the record before the court, the court concludes that nothing short of dismissal would be effective. Plaintiff has made no contact with his former counsel or this court since April 2018—more than six months ago. All efforts to reach plaintiff have been unsuccessful. In such circumstances, dismissal of plaintiff's complaint with prejudice is appropriate under Rule 41(b).

The court also dismisses the case pursuant to Local Rule 7.4(b) based on plaintiff's failure to respond to defendant's motion to dismiss. Plaintiff did not file a response to defendant's motion within the time period provided in Local Rule 6.1(e)(2). Thus, the court considers and decides the motion as an uncontested motion and grants the motion without further notice to plaintiff. *See* D. Kan. Rule 7.4. In so holding, the court specifically concludes that certain aggravating factors present in this case (factors which mirror the factors considered above) outweigh the judicial system's strong predisposition to resolve cases on their merits. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (prior to outright dismissal for failure to comply with local court rules, court must consider the degree of actual prejudice to the defendant; the amount of interference with the judicial process; and the culpability of the litigant). Specifically, the court notes that plaintiff, as of the date of this order, has not responded to defendant's motion to dismiss nor has he contacted the court in any way regarding the motion or his case. Plaintiff's failure to respond to the motion and his failure to contact the court demonstrates that his culpability is quite high. *Compare id.* (reversing district court's dismissal on uncontested motion where plaintiff mailed his response more than three days prior to the deadline, demonstrating "little or no

3

culpability on his part in causing the delay") *and Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (plaintiff herself was not guilty of any dereliction where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly). Moreover, in such circumstances, denying defendant's motion would prejudice defendant in terms of continued time spent and expenses incurred on a case in which the plaintiff has shown no interest. Similarly, denying defendant's motion would interfere with the judicial process in terms of docket management and the need for finality to litigation. For these reasons, dismissal under Local Rule 7.4(b) is also appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss for lack of prosecution (doc. 22) is granted and plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 23 day of October, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge